**In re: Sanford Marvin SHAPERO Debtor.**

**Sanford Marvin Shapero, Appellant,**

**v.**

**City of Hope; City of Hope National Medical Center; Beckman Research Institute of City of Hope, Appellees.**

No. 01–56028.

D.C. CV–00–11697–R.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 9, 2002.

Decided Nov. 22, 2002.

Before SCHROEDER, Chief Judge, W. FLETCHER, Circuit Judge, and WEINER, District Judge.[1]

## MEMORANDUM[2]

Chapter 7 debtor, Dr. Sanford M. Shapero, appeals from an order of the district court affirming the bankruptcy court's decision that Shapero could not exempt the benefits he was to receive under a Special Executive Retirement Agreement (SERA) from his bankruptcy estate as an exempt retirement plan. The district court had jurisdiction pursuant to 28 U.S.C. § 158(a); this court has jurisdiction pursuant to 28 U.S.C. § 158(d) and 28 U.S.C. § 1291. We affirm.

The facts are well known to the parties and will be recited only as necessary to explain our decision. In exchange for his resignation as president and CEO of the City of Hope National Medical Center (COH), Shapero and COH executed a Settlement Agreement and Mutual Release. Shapero's breach of the Settlement Agreement's confidentiality clause led to state court litigation where an arbitrator deter-

---

1. Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

mined that Shapero owed COH approximately $1.1 million. The arbitrator excused COH from any further liabilities to pay the installment payments called for in the Settlement Agreement but found, however, that COH was required to pay his retirement benefits under the SERA, as well as reimbursements for certain tax consequences and life insurance policies. The arbitrator setoff the reimbursements against the damages he assessed against Shapero, leaving a net judgment awarded to COH in the amount of $486,872.88 plus attorneys fees. When Shapero reached age 70, COH setoff the then present value of his SERA benefits against the outstanding judgment.

■ Shapero first argues the bankruptcy court erred by concluding that when Shapero executed the 1996 settlement, he agreed to cancellation of the SERA and waived all rights to it in exchange for substantial consideration. We cannot agree. Applying basic California rules of contract interpretation, it is clear that Shapero waived all his rights under the SERA when he signed the Settlement Agreement, with the exception of the SERA payment term, which was specifically incorporated into the new contract. *See Stanford Ranch, Inc. v. Md. Cas. Co.*, 89 F.3d 618, 626 (9th Cir.1996). The Settlement Agreement did not merely amend and incorporate the substantive provisions of the SERA, as Shapero asserts. It replaced the terms of that agreement with a new agreement, which by its own words shows the clear intent of the parties to constitute their entire agreement and which specifically canceled and superceded any prior agreement between them. Thus, other than the SERA payment term, the balance of the provisions of that contract were waived. This includes the anti-alienation provision upon which the bulk of Shapero's appellate arguments are based.

Shapero argues that the arbitration award recognized the continued validity of the SERA. The language of the arbitration decision upon which he relies supports the opposite conclusion—that the SERA provisions were superceded with the exception of the payment term. The arbitrator found:

> The SERA *payments* which are to start when Dr. Shapero attains age 70 are based on his prior employment and are not terminated, but incorporated in the settlement agreement.

SER 62 (emphasis added). If the arbitrator indeed found that the *entire* SERA was incorporated, he would have presumably said so and not limited his conclusion to only the payment term.

■ Because the anti-alienation provision was waived, Shapero's rights to the SERA payments were not exempt from his bankruptcy estate under 11 U.S.C. § 541(c)(2). That section provides that a restriction on the transfer of a beneficial interest of the debtor in a trust, that is enforceable under applicable nonbankruptcy law, is enforceable. *Ret. Fund Trust of the Plumbing v. Franchise Tax. Bd.*, 909 F.2d 1266, 1280 (9th Cir.1990). As the SERA was superceded by the Settlement Agreement, its anti-alienation provision was unenforceable under nonbankruptcy law. The superceding Settlement Agreement contained no anti-alienation provision and neither agreement created a trust. Accordingly, § 541(c)(2) does not apply to the SERA benefits and there was no error in the bankruptcy court's determination that they are not exempt from the bankruptcy estate. 29 U.S.C. § 1101(a)(1) (1999); *Patterson v. Shumate*, 504 U.S. 753, 756–60, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992); *In re: Lowenschuss*, 171 F.3d 673, 683 (1999).

We also agree that, under general principles of equity, COH was permitted to

setoff the then present value of Shapero's SERA benefits—when they became non-contingent and payable when Shapero reached the age of 70—against the remaining arbitration judgment still outstanding. Other than the anti-alienation provision, Shapero can point to no equitable consideration or risk of unfairness that would limit COH's ability to setoff the SERA payment against Shapero's outstanding judgment.

AFFIRMED.